**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| United States of America, | |
| Plaintiff, | 2:20-cr-00274-APG-VCF-1 |
| vs. | **Order** |
| Denzel Renyal Michael Loyd, | Motion to Compel [ECF No. 46] |
| Defendant. | |

Defendant Denzel Renyal Michael Loyd filed a motion to compel. ECF No. 46. I grant the motion in part.

**I.   Background**

The government charged defendant Loyd, with coercion and enticement, production and possession of child pornography, transfer of obscene material to a minor, and sex trafficking of children. Loyd allegedly contacted multiple minors via Facebook messaging where he solicited them for sex, encouraged them to prostitute themselves, and traded nude photos with them. ECF No. 1.

Defendant argues in his motion to compel that the government has heavily redacted discovery he is entitled to in this case, including the contact information for the victims, without good cause. ECF No. 46. The government argues in its response that the discovery defendant seeks is either child pornography or the discovery is protected by the Crime Victim's Rights Act. ECF No. 49. Defendant argues in the reply that he is entitled to unredacted copies of the full Facebook returns except for those that constitute child pornography. ECF No. 50.  He argues that the identities of his accusers are needed so that he can interview them. *Id.*   The defendant filed a supplement prior to the hearing that states that the government

1

produced three FBI Form 302s documenting recent interviews with Victims 2, 3, and 4 in this federal case.

At the hearing on the motion, based on arguments from the government and the defendant, I deduced that there are two main issues. Whether the government must (1) produce a copy of the full Facebook return, with only the child pornography redacted, so that the defendant's counsel can review it at her own office rather than at the government facility and (2) reveal the names and contact information for the victims from the NCMEC report, who became the victims in the state case, so that the defendant can interview them in connection to his anticipated motion to suppress pertaining to the representations in the application for the later-issued search warrant.

**II.    Analysis**

Under Federal Rule of Criminal Procedure 16, a criminal defendant has the right to inspect documents, data, or tangible items within the government's possession, custody, or control that are "material to preparing the defense." To compel discovery under Rule 16(a)(1)(E), a defendant must make a "threshold showing of materiality." *United States v. Santiago*, 46 F. 3d 885, 894 (9th Cir. 1995). Such requires a presentation of "facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)).

18 USC § 3509 sets forth minor victims' and minor witnesses' rights. Section 3509(d)(1)(A) requires specified persons acting in connection with a criminal proceeding to "keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access" and to "disclose [the above documents] or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information." 18 USC § 3509(d)(1)(A)(ii). § 3509(m)'s Rule 16

exception applies to the material "that constitutes child pornography."

### A. The Facebook Return

The defense argues that he requested, "complete, unredacted copies of Loyd's discovery (except material constituting child pornography)." ECF No. 50. The defense argues, for example, that the 10,000-page Facebook return is only available for inspection, which is not practical for defense counsel, and should be produced with only the child porn redacted. At the hearing, the government argued that it would be impractical to redact the Facebook return because of the volume of child pornography in the return. I ordered the government to file a declaration with an estimate of how many hours it would take to redact the child pornography from the return. The government filed a declaration from FBI Special Agent James Mollica that states that it would take approximately forty hours to redact the child pornography from the return.

Only portions of the Facebook return are materials that constitute child pornography. In this case, there is specific material that the government has identified as either child pornography or suspected child pornography. I find that only material that § 3509(m) exempts from Rule 16 copying, the child pornography and, in this case, the suspected child pornography, is exempt from copying. I order that the government has two weeks to redact child pornography and suspected child pornography from the Facebook return, as forty hours of redaction time is not impractical in this case and deliver it to defense counsel.

### B. Names And Contact Information for the Victims

For the purposes of this motion, there are two groups of victims at issue here. The first group is the four victims in this federal case. The second group is approximately six to twelve victims (the exact number is unknown to the defense since there could be some overlap) from the NCMEC report, who became the victims in the state case.

3

The government argues that regarding victims #1–#4 in the federal case, all of Loyd's interactions with these victims is almost wholly captured in the Facebook return, each victim identified themselves in photographs or videos sent to Loyd, and each victim confirmed their Facebook username. ECF No. 49. The government argues that Loyd is seeking the victims' contact information to attempt to obtain statements and speculatively claiming that those may be "material to the defense." The government argues that Loyd would receive the government's witness list in advance of trial and would be able to cross-examine those victims at trial. The government also argues that under the Crime Victim's Rights Act ("CVRA"), a victim of a crime has certain enumerated rights, which include the "right to be reasonably protected from the accused" and the "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. §§ 3771(a)(1) and (a)(8). The government also argues that it is difficult to imagine what information Loyd could possibly obtain from them that would be "material to the defense," as Loyd's interactions with these victims is almost wholly captured in the Facebook return, each victim identified themselves in photographs or videos sent to Loyd, and each victim confirmed their Facebook username.

The defense argues that the government misstates the materiality standard and points out that he must be allowed to explore alternate versions of the evidence, citing to *United States v. Soto-Zuniga*, 837 F.3d 992, 1000 (9th Cir. 2016)(District court "abused its discretion in denying discovery that could have revealed an unconstitutional seizure and led to the suppression of the evidence" found in Soto-Zuniga's car.) I noted at the hearing that based on the representations by counsel, the identities of the four federal victims are irrelevant for the purposes of a motion to suppress since the government did not discover the identities prior to the representations made in support of the Facebook warrant. I find that the defendant has not met his burden at this stage of the proceedings regarding the four victims in the federal case, since information learned from these four victims could not have been used to obtain the

Facebook warrant.

The defendant argues that interviewing the apparent minors identified in the NCMEC report as well as those interviewed by Metro is necessary to assess whether law enforcement accurately represented these witnesses' interviews in the search warrant affidavits or whether law enforcement made misleading misrepresentations or omissions, which would add to Loyd's Franks suppression arguments. *Franks v. Delaware*, 438 U.S. 154 (1978). The defendant argues that among other problems, the transcribed portions of Metro's interviews are leading and potentially show that there were unrecorded pre-interviews not documented by law enforcement. For example, the transcription of D.A.'s interview begins with the detective referencing the photo line-up that has already taken place about which there had already been discussion. ECF No. 50-2. The detective states: "And this guy that we're gonna talk about, you said um, he first messaged you on Instagram, is that correct?" The defendant points out that D.A. did not say this earlier in the transcribed portion of the interview. Defendant argues that this prior statement could only have taken place during an unrecorded pre-interview not documented by law enforcement.

I find that the defense has met his burden regarding learning the identities of and potentially interviewing the NCMEC report/state victims, if they agree to be interviewed, at this stage in the proceedings to prepare to file a motion to suppress pertaining to the Facebook return. I also, however, considering that these victims were either minors at the time or are still minors, grant in part the government's request for a limited protective order in this case.

ACCORDINGLY,

I ORDER that defendant's motion to compel (ECF No. 46) is GRANTED IN PART as discussed in this order.

I FURTHER ORDER that the government must redact child pornography and suspected child

5

pornography from the Facebook return and deliver it to defense counsel.

I FURTHER ORDER the government to reach out to each of the victims to see if each of the victims is willing to meet with defense counsel, with the minor's parent's consent if the victim is still a minor.

I FURTHER ORDER that the government must provide the details of each call to each victim, with the identity of the victim, to defense counsel.

I FURTHER ORDER that the government has until Friday, May 19, 2023 to fully comply with this Order.

I FURTHER ORDER that the identities of the victims and their parents must remain ATTORNEYS' EYES ONLY until further order of the Court.

I FURTHER ORDER that defense counsel may only contact the victims who agree to be interviewed by the defense, until further order of the Court.

I FURTHER ORDER that if defense counsel interviews the victims, the questions MUST BE LIMITED to the victims' interactions with law enforcement in furtherance of obtaining the Facebook warrant.

DATED this 4th day of May 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE