UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>DENZEL RENYAL MICHAEL LOYD,<br><br>Defendant | Case No.: 2:20-cr-00274-APG-VCF-1<br><br>**Order Accepting Magistrate Judge's Report and Recommendation, Denying Defendant's Motion to Suppress, and Granting Defendant's Motion for Leave to File a Reply**<br><br>[ECF Nos. 60, 81, 90] |

Defendant Denzel Loyd moved to suppress all evidence seized from his Facebook account and cell phone. ECF No. 60. After conducting an evidentiary hearing, Magistrate Judge Ferenbach recommended that I deny the motion to suppress. ECF No. 81. Loyd objects to that recommendation and requests oral argument. ECF No. 86. The Government opposes. ECF No. 89. Loyd also moves for leave to reply to the Government's response, which the Government opposes. ECF Nos. 90, 91.

I have conducted a *de novo* review of the motion to suppress and related papers as required by Local Rule IB 3-2(b). Judge Ferenbach's Report and Recommendation sets forth the proper legal analysis and factual bases for the decision, and I adopt it as my own.[1] I grant

---

[1] The Report and Recommendation cites *United States v. Flores*, 802 F.3d 1028, 1044 (9th Cir. 2015) for the rule that "a search warrant is not overly broad when only information associated with defendant is searched and when the government is only authorized to search for violations of the specified offenses." ECF No. 81 at 8-9. *See also*, *United States v. Adjani*, 452 F.3d 1140, 1147-50 (9th Cir. 2006) (finding a warrant authorizing the search of a computer not overbroad where the incorporated affidavit limited the search to evidence of a specific crime and described the identity and nature of the items to be seized with reasonable specificity, recognizing that a "pinpointed computer search . . . would likely have failed to cast a sufficiently wide net to capture the evidence sought."); *Bybee v. Erath*, 304 F. App'x 579, 581 (9th Cir. 2008) ("The warrant was not overbroad. The warrant identifies specific categories of documents for seizure that are directly related to the crimes [the searched individual] was suspected of committing."); *United States v. Storm*, 612 F. App'x 445, 447-48 (9th Cir. 2015) (finding a search warrant was

Loyd's motion for leave to file a reply, but the arguments the reply presents do not change my analysis or decision. I deny Mr. Loyd's request for oral argument as moot.

I HEREBY ORDER that Magistrate Judge Ferenbach's Report and Recommendation **(ECF No. 81) is accepted**. Defendant Denzel Loyd's motion to suppress **(ECF No. 60) is denied.** Loyd's motion for leave to file a reply to the Government's response **(ECF No. 90) is granted.**

Dated: December 18, 2023.

                                                                          ANDREW P. GORDON
                                                                          UNITED STATES DISTRICT JUDGE

---

not overbroad where the warrant and incorporated affidavit authorized agents to search "a white Macintosh laptop computer; any device capable of creating, storing, or viewing electronic data; any and all sexually explicit or suggestive material; and any and all documentation regarding the abuse of children," though the warrant lacked a search protocol.).