# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| United States of America, | 2:20-cr-00274-APG-MDC-1 |
|---|---|
| Plaintiff(s), | |
| vs. | Order to Show Cause |
| | And |
| Denzel Renyal Michael Loyd, | Order Setting Hearing |
| Defendant(s). | |

The government filed a *Motion to Appoint a Guardian Ad Litem for Victim No. 1* ("Motion"). ECF No. 122. The government filed this Motion on the heels of a recent hearing, where the Court observed that (1) a few years ago, Witness No. 3 stated that she did not consent to talk to defense counsel and (2) that given the years that had passed, people can change their minds. See ECF No. 119 and ECF No. 123, Tran. of the March 28, 2024 hearing, at 35:4-25. Considering those specific facts, the Court appointed a guardian ad litem for Victim No. 3, "<u>for the limited purpose</u> of contacting Witness No. 3 to ascertain whether they would consent to be interviewed and contacted by the defense counsel." *Id.* at 22-25. The Court did not appoint a guardian ad litem for Victim No. 3 for any other reason. *Id.* The Court's ruling was clear and unambiguous.

In its Motion (ECF No. 122, the government represents that it contacted Witness #1 to ascertain its consent to speak with defense counsel and that Witness #1 declined consent. After reviewing the defendant's response (ECF No. 124), the Court ordered the government (ECF No. 125) to file a sealed affidavit regarding their contact with Witness #1 in support of its pending Motion. The Court has now reviewed the sealed affidavit from Special Agent James Mollica. ECF No. 129. Since the affidavit contains identifying information about Victim No. 1, it will remain under seal until further order of the Court.

However, one of Agent Mollica's statements, which does not contain any confidential, identifying, or privileged information, contains the following admission:

> Your Affiant informed Victim # 1 it was up to Victim # 1 if she wanted to speak to LOYD's defense team. Victim #1 volunteered that she did not wish to speak with LOYD's defense team. Your Affiant then offered to pass on Victim #1's wishes to the AUSA and explained how a Guardian was appointed for another victim in the LOYD case who did not wish to speak with LOYD's defense team.

ECF No. 129 at 3.

It appears that the statements made to Witness #1 did not accurately represent the Court's clear and unambiguous ruling and were beyond scope of what was necessary to ascertain the consent of Witness #1. The Court is also concerned that such statements improperly suggests that just because a witness desires not to speak with defense counsel that such witness now needs the protection of a guardian ad litem, suggesting the defense counsel will somehow not observe a witness' desire to not to be contacted, or worse, that defense counsel cannot be trusted.

//

//

//

IT IS ORDERED that:

1. The government shall file a brief by **4:00 p.m. on May 24, 2024**, and SHOW CAUSE why a corrective letter should not be issued and/or why sanctions should not be imposed for making improper, suggestive, and inaccurate statements to the prejudice of the defendant.

2. The defendant shall by **4:00 p.m. on May 24, 2024** file a simultaneous brief outlining what corrective action the Court should take, if any, and/or whether sanctions should be imposed.

3. The parties shall appear in-person at **9:00 a.m. on May 28, 2024 in Courtroom 3B** for both a SHOW CAUSE hearing and a hearing on the government's *Motion to Appoint a Guardian Ad Litem for Victim No. 1* (ECF No. 122).

Dated this 10th day of May 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge